Jerry L. Steering (SBN 122509)
Brenton Whitney Aitken Hands #308601
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerry@steeringlaw.com; jerrysteering@yahoo.com
Attorney for plaintiff Rocio Munoz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO MUNOZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES, JUSEF KASSIS, OFFICER REYES (#45291) and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983): CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR USE OF UNREASONABLE FORCE (U.S. CONST. AMEND 4); *MONELL* CLAIM FOR FAILURE TO TRAIN; CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS and CALIFORNIA STATE LAW CLAIMS FOR VIOLATION OF BANE ACT (CAL. CIVIL CODE § 52.1); FALSE ARREST / FALSE IMPRISONMENT; BATTERY; ASSAULT; and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** plaintiff ROCIO MUNOZ, and shows this honorable court

COMPLAINT FOR DAMAGES

1

the following:

**JURISDICTIONAL ALLEGATIONS**

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.     Plaintiff Rocio Munoz timely filed her Government Claim for Damages against the City of Los Angeles on August 17, 2023, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 *et seq*. Said claim was rejected by defendant City of Los Angeles on September 6, 2023.

**GENERAL ALLEGATIONS**

5.     Plaintiff Rocio Munoz, hereinafter referred to as "MUNOZ" and/or "plaintiff" and/or "Rocio Munoz" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.     Defendant City of Los Angeles, hereinafter also referred to as "Los Angeles" or "CITY", is a political subdivision of the State of California and is a municipal entity, located in the County of Los Angeles, and within the territorial jurisdiction of this Honorable Court.

7.     Defendant Jusef Kassis, hereinafter referred to as "KASSIS", is a sworn police officer and a California Certified Peace Officer with the Los Angeles

COMPLAINT FOR DAMAGES
2

Police Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Los Angeles Police Department and with defendant City of Los Angeles.

8. Defendant Los Angeles Police Officer Reyes (#45291), hereinafter referred to as "REYES", is a sworn Police Officer and a California Certified Peace Officer with the Los Angeles Police Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Los Angeles Police Department and with defendant City of Los Angeles.

9. Defendants DOES 1 through 6, inclusive, are sworn Police Officers and California Certified Peace Officers and/or Supervisors and/or Investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant City of Los Angeles and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant City of Los Angeles and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant City of Los Angeles.

11. Defendants DOES 7 through 10, inclusive, are sworn peace officers

and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the City of Los Angeles and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the City of Los Angeles and/or with some other public entity, for: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawfully arresting persons for a violation of a court order without determining whether probable cause existed to believe that persons actually violated the terms of the court orders that they encounter in the course of their duties / calls for service; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to freedom of speech, and 6) for requiring misdemeanor arrestees to post bail to be released from jail after booking at the jail, rather than releasing misdemeanor arrestees from jail upon a Citation / Promise to Appear in Court, in violation of Cal. Penal Code § 853.6(i).

12.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

13.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the City Manager and/or the Members of the Los

Angeles Police Commission and/or the Chief of Police and/or his/her Assistant Chiefs of Police and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the City of Los Angeles and/or with some other public entity, and/or some other public official(s) with the City of Los Angeles and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant the City of Los Angeles.

14. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant City of Los Angeles.

15. Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the City of Los Angeles and/or with some other public entity, inter alia: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawfully arresting persons for a violation of a court order without determining whether probable cause existed to believe that persons actually violated the terms of the court orders that they encounter in the course of their duties / calls for service; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to freedom of speech, and 6) for requiring misdemeanor arrestees to post bail to be released from jail after booking at the jail, rather than releasing misdemeanor arrestees from jail upon a Citation / Promise to Appear in Court, in violation of Cal. Penal Code § 853.6(i).

16. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and

common plan and scheme to deprive the plaintiff Rocio Munoz of her federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff Rocio Munoz of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

17.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Rocio Munoz's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON UNDER**
**FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**
**(By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES and DOES 1 through 10, inclusive)**

18.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.    On April 23, 2023, plaintiff MUNOZ's mother, Luisa Belhajjem, falsely and maliciously obtained a permanent[1] "Elder or Dependent Adult Abuse Restraining Order After Hearing"[2], ordering plaintiff MUNOZ to stay 1,000 yards away from her mother and her brother, Wilfredo Reyes.

20.    Luisa Belhajjem falsely and maliciously obtained that restraining order against plaintiff MUNOZ, with plaintiff MUNOZ's brother, Wilfredo Reyes as a protected person, in retaliation for plaintiff MUNOZ reporting Wilfredo Reyes to the Los Angeles Police Department in September of 2022 for sexually

---

[1] Three-year order.
[2] Los Angeles County Superior Court Case No. 22STRO06734 and signed by Judge Steve Cochran.

COMPLAINT FOR DAMAGES
6

molesting and sexually annoying her minor niece and her minor daughters, that resulted in a Suspected Child Abuse Report to Los Angeles County Child Protective Services[3].

21.    At the time of the subject incident complained of herein, plaintiff MUNOZ lived in the "back house" on the same lot and behind her mother's house with her husband, and her four daughters and one son, located at 6312 Bakman Avenue, in North Hollywood, California.

22.    Moreover, said restraining order contained a stay-away order that stated: *"This stay-away order does not prevent you [plaintiff MUNOZ] from going to and from your home or place of employment."*[4]

23.    Thereafter, on May 5, 2023, at approximately 11:45 p.m., plaintiff MUNOZ was inside her residence when she heard her dogs barking.

24.    Thereafter, defendants KASSIS, REYES and DOES 1 through 6, inclusive were yelling that they were Los Angeles Police Department police officers, and ordered plaintiff MUNOZ to come outside of her home.

25.    As soon as plaintiff MUNOZ complied and exited her home, defendants KASSIS, REYES and/or DOEs 1 through 6, inclusive, immediately ordered plaintiff to put her hands behind her back and told her she was under arrest.

26.    Defendant REYES and/or doe 1 and/or DOE 2 then handcuffed plaintiff MUNOZ at the direction of his supervisory officer, defendant KASSIS and/or DOE 3 and/or DOE 4.

27.    When defendant REYES and/or DOE 1 and/or DOE 2 handcuffed

_____

[3] The Superior Court Judge had no grounds whatsoever to have issued any such restraining orders, but did so nonetheless, claiming that he just issues such orders when there are allegations regarding an elder, regardless of whether there are proper legal or moral ground to do so; that he "does so on a whim".

[4] See, "Elder or Dependent Adult Abuse Restraining Order After Hearing," Line 7b, attached hereto as Exhibit "A."

COMPLAINT FOR DAMAGES

7

plaintiff MUNOZ, he/they intentionally cinched down the handcuffs excessively tight, deliberately causing excruciating pain and injuries to plaintiff MUNOZ's wrists. Said use of excessive force by defendants REYES and DOES 1 and 2, was not justified, and caused physical injuries to plaintiff's wrists.

28.    Thereafter, when plaintiff MUNOZ asked defendants KASSIS, REYES and DOES 1 through 4, inclusive, why she was being arrested, she was told by defendants KASSIS, REYES and DOES 1 through 4, inclusive, that she was being arrested for violating said above-referenced restraining order for being on her residence property.

29.    Plaintiff MUNOZ then asked defendants KASSIS, REYES and DOES 1 through 4, inclusive, to let her prove that she was allowed on her property and show them line 7b on the restraining order that stated that the restraining order did not prevent plaintiff MUNOZ from being at and going to and from her home or place of employment. Defendants KASSIS, REYES and DOES 1 through 4, inclusive, refused to let plaintiff MUNOZ explain that she had a right to be at her residence, where said defendants arrested her, and refused to acknowledge what plaintiff MUNOZ was saying to said defendants.

30.    Plaintiff MUNOZ pleaded with defendants KASSIS, REYES and DOES 1 through 4, inclusive, to notify her husband that she was being arrested because her door was open and her 3-year old was asleep alone in her living room, and plaintiff MUNOZ was afraid that her daughter would wake up and come outside looking for her mother, but KASSIS, REYES and DOES 1 through 4, inclusive, refused to let her do so.

31.    Plaintiff MUNOZ then requested a supervisory officer, DOE 7 and/or DOE 8, so that she could clear everything up and show defendants KASSIS, REYES and DOES 1 through 4, inclusive, that the restraining order that they were arresting plaintiff for violating, showed that she was not violating that restraining order.

32. Thereafter, defendants KASSIS, REYES and DOES 1 through 4, inclusive, placed plaintiff MUNOZ in the back of a patrol car and closed the door.

33. Thereafter, when a supervisory officer arrived, DOE 7 and/or DOE 8, defendant KASSIS spoke to the supervisory officer and did not let plaintiff MUNOZ explain to the supervisory officer that she was not in violation of a court order.

34. Thereafter, the supervisory officer(s), DOE 7 and/or DOE 8, came over to plaintiff MUNOZ in the back of the LAPD patrol car and explained to her that there was nothing he could do because defendants KASSIS, REYES and DOES 1 through 4, inclusive, had already explained everything to him.

35. Plaintiff MUNOZ then spoke with the supervisory LAPD officer(s), DOE 7 and/or DOE 8, and said that she had not violated a restraining order by being on her property, and to please look at the restraining order that would verify that she was not in violation of the same.

36. Defendants KASSIS and/or REYES and DOES 1 through 4, inclusive, then changed their reason for arresting plaintiff MUNOZ, and at first told plaintiff that she was being arrested for being on her property, but then she was told by defendant KASSIS that she was being arrested for going near a protected person, her brother Wilfredo Reyes earlier that day.

37. Plaintiff MUNOZ then explained to defendants KASSIS and/or REYES and DOES 1 through 4, inclusive, that her brother, Wilfredo Reyes had set her up because she only has one way in or out of her home, and a moment before she arrived home, Wilfredo Reyes had set up a lawn chair at the gate that she used to walk to her residence, and that she was merely walking to her home; something that she is permitted to do pursuant to the subject restraining order.

38. Plaintiff MUNOZ was then transported to the Los Angeles Police Department North Hollywood station for booking. When plaintiff MUNOZ asked a female detention officer to call her husband to let him know she had been

arrested, defendant KASSIS did not allow the female detention officer to call her husband.

39.	Thereafter, plaintiff MUNOZ was transported to the Van Nuys Jail where she remained falsely imprisoned overnight until she could post $20,000.00 bail for violation of Cal. Penal Code § 166(c)(1) ("Contempt of Court"), and was released the following morning on May 6, 2023 after spending approximately 10 hours in police custody.

40.	This act in requiring plaintiff MUNOZ to post bail to be released from jail, was also an unlawful seizure of plaintiff, as Cal. Penal Code § 853.6(i) required that after plaintiff was booked pursuant to her misdemeanor arrest that she be released from jail upon being given a citation to appear in court.

41.	Thereafter, on June 1, 2023, plaintiff MUNOZ appeared at the Los Angeles County Superior Court in Van Nuys, California and was told by the court clerk that the matter would be referred to the Los Angeles City Attorney for a hearing. Plaintiff MUNOZ then received from the court clerk a "Proof of Appearance" for that date.

42.	Thereafter, on June 7, 2023, plaintiff MUNOZ was given a telephonic hearing by the City of Los Angeles Office of the City Attorney, hearing officer Charles Salazar, where it was determined that no criminal charges would be filed against plaintiff MUNOZ.

43.	Thereafter, on September 6, 2023, City of Los Angeles Office of the City Attorney hearing officer Charles Salazar sent plaintiff MUNOZ a letter stating that "[the] case was resolved at this hearing and no criminal charges were filed against you."

44.	The actions of defendants KASSIS, REYES, and DOES 1 through 10, inclusive, as complained above herein, constituted a violation of plaintiff MUNOZ's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure her person.

COMPLAINT FOR DAMAGES

10

45.    As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

46.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**SECOND CAUSE OF ACTION**
**USE OF UNREASONABLE FORCE ON PERSON**
**UNDER FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES and DOES 1 through 10, inclusive)**

47.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

48.    As shown above, on May 5, 2023, plaintiff MUNOZ encountered defendants KASSIS, REYES and DOES 1 through 4, inclusive, outside of her home, who immediately falsely arrested plaintiff for a violation of a restraining order as described above.[5]

49.    Also, as shown above, defendants REYES and/or DOE 1 and/or DOE 2 then handcuffed plaintiff MUNOZ at the direction of his/their supervisory officer, defendant KASSIS and/or DOE 3 and/or DOE 4.

50.    Moreover, as shown above, when defendant REYES and/or DOE 1 and/or DOE 2 handcuffed plaintiff MUNOZ, he intentionally cinched down the

---

[5] More specifically, a violation of Cal Penal Code § 166(c)(1) ("Contempt of Court").

handcuffs excessively tight, deliberately causing excruciating pain and injuries to plaintiff MUNOZ's wrists. Said use of excessive force by defendant REYES and/or DOE 1 and/or DOE 2 was not justified, and caused physical injuries to plaintiff's wrists.

51.    The actions of defendants KASSIS, REYES and DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff MUNOZ's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

52.    As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

53.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**THIRD CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Failure To Train (Monell[6] Liability)**
**(By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES and DOES 1 through 10, inclusive)**

54.    Plaintiff hereby realleges and incorporates by reference the

---

[6] *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

COMPLAINT FOR DAMAGES
12

allegations set forth in paragraphs 1 through 53 inclusive, above, as if set forth in full herein.

55.    As shown above, when defendants KASSIS, REYES and DOES 1 through 10, inclusive, deprived plaintiff MUNOZ of her particular rights under the United States Constitution, they were acting under the color of state law.

56.    The training policies of defendants CITY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants CITY and DOES 7 through 10, inclusive, failed to train its police officers: 1) that they have no right to detain or arrest another for a violation of a restraining order, unless they carefully read the actual court restraining order to make sure that it prohibits the conduct that they may detain or arrest another for doing; and 2) failing to train its police officers and supervisors to release misdemeanor arrestees from jail after booking at the jail upon a Citation / Promise to Appear in Court, rather than requiring misdemeanor arrestees to post bail to be released from jail, in violation of Cal. Penal Code § 853.6(i).

57.    Defendants CITY and DOES 7 through 10, inclusive, knew that their police officers would be dispatched and would otherwise have to deal with restraining order calls, yet they failed to properly train their police officers and other sworn peace officer personnel adequately and were the proximate cause of the very same California state law, and federal and state constitutional violations complained of above, and complained of by the plaintiff in this action.

58.    Defendants CITY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately; and

59.    The failure of defendants CITY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiff's rights by the

defendants KASSIS, REYES, DOES 1 through 4, inclusive, CITY and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

60.     As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

61.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**<u>FOURTH CAUSE OF ACTION</u>**
**VIOLATION OF RIGHT TO FREE SPEECH / PETITION TO REDRESS UNDER THE FIRST AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES and DOES 1 through 10, inclusive)**

62.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 61, inclusive, above, as if set forth in full herein.

63.     As shown above, throughout the course of the subject incident, plaintiff MUNOZ verbally protested to defendants KASSIS, REYES, DOES 1 through 4, inclusive, and DOE 7 and/or DOE 8, that the court order at issue did not prevent plaintiff MUNOZ from going to or from her home or place of employment.

64.     Furthermore, defendants KASSIS, REYES, DOES 1 through 4,

inclusive, and DOE 7 and/or DOE 8, should have known that the court order at issue did not prevent plaintiff MUNOZ from going to or from her home or place of employment.

65.    Moreover, in response to and in retaliation for plaintiff MUNOZ verbally protesting being ordered out of her home, immediately handcuffed by defendant REYES and/or DOE 1 and/or DOE 2 at the direction of defendant KASSIS and/or DOE 3 and/or DOE 4, with great and excessive force, causing her excruciating pain and injuries to her wrists, plaintiff MUNOZ was physically injured and emotionally traumatized.

66.    Moreover, as shown above, plaintiff MUNOZ was transported to the Van Nuys Jail where she remained falsely imprisoned overnight until she could post $20,000.00 bail for violation of Cal. Penal Code § 166(c)(1) ("Contempt of Court"), and was released the following morning on May 6, 2023 after spending approximately 10 hours in police custody.

67.    This act in requiring plaintiff MUNOZ to post bail to be released from jail, was also an unlawful seizure / the extension of her unlawful seizure of plaintiff, as Cal. Penal Code § 853.6(i) required that after plaintiff was booked pursuant to her misdemeanor arrest that she be released from jail upon being given a Citation to appear in court, and that she not be required to post bail to be released from jail.

68.    Nonethess, defendants KASSIS's, REYES's, and DOES 1 through DOE 8's requiring plaintiff to post bail to be released from jail was done in retaliation for plaintiff's verbal protests to and verbal condemnation of  defendants KASSIS's, REYES's, and DOE 1 through DOE 4's false arrest / arrest in the absence of a warrant or probable cause to believe that she committed a crime.

69.    The brutal actions taken by defendants KASSIS, REYES, DOES 1 through 4, inclusive, to wit, the excessively tight and painful handcuffing of the plaintiff them would chill a person of ordinary firmness from continuing to engage

in the protected activity.

70.    In addition, requiring plaintiff to post bail to be released from jail when defendants KASSIS, REYES, and DOES 1 through 8, inclusive, refused to release plaintiff from jail unless she posted $20,000.00 bail, would chill a person of ordinary firmness from continuing to engage in the protected activity, to wit; her verbal protests to and verbal condemnation of defendants KASSIS, REYES, and DOES 1 through 4, inclusive.

71.    Plaintiff MUNOZ's protected activity (verbal protest of being ordered out of her home, arrested, handcuffed excessively tightly, placed in the back of a patrol car, and her verbal condemnation of the arresting officers) was a substantial or motivating factor in the decision of defendants KASSIS, REYES, DOES 1 through 8, inclusive, in unlawfully excessively tightly handcuffing plaintiff MUNOZ and in forcing her to post bail to be released from jail when said defendants had no right to have done so.

72.    As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

73.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES, CITY and DOES 1 through 10, inclusive)**

COMPLAINT FOR DAMAGES

16

74.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75.    As shown above, defendants REYES and/or DOE 1 and/or DOE 2, at the direction of defendants KASSIS and/or DOE 3 and/or DOE 4, used unlawful and excessive force upon plaintiff MUNOZ without a warrant nor probable cause, nor even a reasonable suspicion of criminality afoot of the plaintiff in cinching down the handcuffs on her excessively tightly, causing her to suffer physical injury and excruciating pain and suffering.

76.    Said actual use of excessive force and violence against the plaintiff MUNOZ by said defendants REYES and/or DOE 1 and/or DOE 2, at the direction of defendants KASSIS and/or DOE 3 and/or DOE 4, caused physical injury to MUNOZ, and constituted the actual use of violence against the plaintiff MUNOZ in order to coerce, deter and prevent her from exercising her constitutional right to verbally protest to said arresting police officers and to verbally condemn their actions perpetrated against her.

77.    Moreover, as shown above, said defendants REYES KASSIS and/or DOE 1 through DOE 4, inclusive, used unlawful and unreasonable force upon the plaintiff MUNOZ; said use of unreasonable force in itself being a violation of Section 52.1.

78.    Said defendants REYES and/or DOE 1 and/or DOE 2 in handcuffing plaintiff MUNOZ, at the direction of defendants KASSIS and/or DOE 3 and/or DOE 4, interfered with, and/or attempted to interfere with, by use of actual violence, the exercise or enjoyment by the plaintiff MUNOZ of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

79.    Said defendants CITY, REYES KASSIS and DOES 1 through 4,

inclusive, are liable to the plaintiff MUNOZ for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and pursuant to California Gov't Code §§ 815.2(a), 815.6, 820, 820.8.

80.   As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

81.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

82.   In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, plaintiff MUNOZ is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

### SIXTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
**(By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES, CITY and DOES 1 through 10, inclusive)**

83.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as if set forth in full herein.

84.   As complained of above, plaintiff MUNOZ was unlawfully seized and arrested by defendants REYES, KASSIS and DOES 1 through 4, inclusive on May 5, 2023.

85.   As complained of above, said defendants REYES, KASSIS and

DOES 1 through 4, inclusive: (1) had neither a warrant nor probable cause to believe that plaintiff MUNOZ had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiff; (2) The plaintiff MUNOZ was actually harmed by said conduct of defendants REYES and/or DOE 1 and/or DOE 2, KASSIS and/or DOE 3 and/or DOE 4; and (3) the conduct of defendants KASSIS, REYES and DOES 1 through 4, inclusive was substantial factor in causing the plaintiff harm.

86.    Also as complained of above, rather than release plaintiff MUNOZ on a Citation / Promise to Appear in Court after booking at the jail, in violation of Cal. Penal Code § 853.6(i), defendants REYES, KASSIS and DOES 1 through 4, inclusive, conditioned plaintiff MUNOZ's release from jail upon the posting of $20,000.00 bail, which she posted to be released from jail; unlawfully prolonging plaintiff MUNOZ's time spent confined in jail, and causing her to spend money for bail bond costs.

87.    Plaintiff MUNOZ was actually harmed by said conduct of defendants REYES and DOES through 4, inclusive.

88.    The conduct of defendants REYES, KASSIS and DOES 1 through 8, inclusive, was substantial factor in causing the plaintiff harm.

89.    Defendants CITY, REYES KASSIS and/or DOES 1 through 8, inclusive, are liable to the plaintiff for her false arrest / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

90.    As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

91.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of

plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

/ / /

## SEVENTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES, CITY and DOES 1 through 10, inclusive)

92.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 91, inclusive, above, as if set forth in full herein.

93.     The actions committed by defendants REYES, KASSIS and DOES 1 through 4, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff MUNOZ, and constituted a battery of her by defendants REYES, KASSIS and/or DOES 1 through 4, inclusive, under California state law.

94.     Defendants CITY, REYES, KASSIS and/or DOE S 1 through 4, and each of them, are liable to the plaintiff MUNOZ for said batteries of her, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

95.     As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

96.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive /

exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## EIGHTH CAUSE OF ACTION
### Assault
### Under California State Law
### (By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES, CITY and DOES 1 through 10, inclusive)

97.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 96, inclusive, above, as if set forth in full herein.

98.    The actions committed by defendants REYES, KASSIS and DOES 1 through 4, inclusive, above-described, constituted an assault of the plaintiff MUNOZ under California state law, as plaintiff MUNOZ was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants REYES, KASSIS and/or DOES 1 through 4, inclusive.

99.    Defendants CITY, REYES, KASSIS and/or DOES 1 through 4, inclusive, are liable to under California state law for said assaults of the plaintiff MUNOZ pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

100.    As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

101.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount

to be proven at trial, in excess of $3,000,000.00.

## NINTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### Under California State Law
### (By Plaintiff ROCIO MUNOZ Against Defendants KASSIS, REYES, CITY and DOES 1 through 10, inclusive)

102.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 101, inclusive, above, as if set forth in full herein.

103.   Defendants REYES, KASSIS and DOES 1 through 4, inclusive, and each of them, knew and/or should have known that plaintiff MUNOZ was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff MUNOZ as complained of above and herein.

104.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

105.   Defendants CITY, KASSIS, REYES and DOES 1 through 10, inclusive, are liable to under California state law for said intentional inflictions of emotional distress of the plaintiff MUNOZ, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

106.   As a direct and proximate result of the actions of defendants KASSIS, REYES and DOES 1 through 10, inclusive, plaintiff MUNOZ was: 1) substantially physically, mentally and emotionally injured, 2) incurred bail costs and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

107.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff MUNOZ's constitutional rights, sufficient for an award of punitive /

exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)    For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)    For a judgment against all defendants, save defendant City of Los Angeles for punitive damages in an amount in excess of $3,000,000.00;

c)    For an award of reasonable attorney's fees and costs;

d)    For a trial by jury; and

e)    For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING, ATTORNEY FOR
PLAINTIFF ROCIO MUNOZ

COMPLAINT FOR DAMAGES
23

# EXHIBIT A

| EA-130 | Elder or Dependent Adult Abuse Restraining Order After Hearing | Clerk stamps date here when form is filed. |
|---|---|---|

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**APR 1 3 2023**

David W. Slayton, Executive Officer/Clerk of Court

*Person in* ① *must complete items* ①, ②, *and* ③ *only.*

① **Elder or Dependent Adult Seeking Protection**

a. Full Name: Luisa Belhajjem

☐ Name of person asking for the protection, if different *(This is the person named in item* ③ *of the request (form EA-100).)*

Full Name: _____

Lawyer for person named above *(if any for this case):*

Name: Ween M. Acevedo, Esq.    State Bar No.: 343793

Firm Name: The Law Offices of Christopher Chaney

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or email.)*

Address: 14401 Sylvan Street, Suite 112

City: Van Nuys    State: CA    Zip: 91401

Telephone: (818) 538-8891    Fax: (877) 590-1102

Email Address: ween@ceclaw.net

*Fill in court name and street address:*

**Superior Court of California, County of**

Los Angeles
111 North Hill Street
Los Angeles, CA 90012

*Court fills in case number when form is filed.*

**Case Number:**
22STRO06734

② **Restrained Person**

*(Give all the information you know. Information with a star (\*) is required to add this order to the California police database. If age is unknown, give an estimate.)*

\*Full Name: Rocio Munoz    \*Age: 37    Date of Birth: 01/02/1986

\*Race: Hispanic    Height: 5'3"    Weight: 120 lbs. Hair Color: Black    Eye Color: Brown

\*Gender: ☐ M  ☒ F  ☐ Nonbinary  Home Address: 6312 Bakman Avenue

City: North Hollywood    State: CA    Zip: 91606

Relationship to Protected Person: Daughter

③ ☒ **Additional Protected Persons**

In addition to the elder or dependent adult named in ①, the following family or household members or conservator of the elder or dependent adult named in ① are protected by the orders indicated below:

| Full Name | Gender | Age | Lives with Person in ①? | Relation to Person in ① |
|---|---|---|---|---|
| Wilfredo Reyes | M | 38 | ☒ Yes ☐ No | Son |
| | | | ☐ Yes ☐ No | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write "Attachment 3—Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

④ **Expiration Date**

*This Order, except for any award of lawyer's fees, expires at*

Time: 11:59    ☐ a.m. ☒ p.m. ☐ midnight on *(date):* April 13, 2026

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2023, Mandatory Form
Welfare and Institutions Code, § 15657.03
Approved by DOJ

**Elder or Dependent Adult Abuse Restraining Order After Hearing (CLETS-EAR or EAF)**
**(Elder or Dependent Adult Abuse Prevention)**

EA-130, Page 1 of 7 →

Case Number: 

## ⑤ Hearing

a. There was a hearing on *(date):* 04/13/2023 _____ *at (time):* 8:30 a.m. _____ in Dept.: 63 _____ Room: 604 _____
  *(Name of judicial officer):* Hon. Steve Cochran _____ made the orders at the hearing.

b. These people were at the hearing:
  (1) ☑ The elder or dependent adult in need of protection
  (2) ☑ The lawyer for the elder or dependent adult *(name):* Ween Acevedo, Esq. _____
  (3) ☐ The person in ① asking for protection (if not the elder or dependent adult)
  (4) ☐ The lawyer for the person in ① asking for protection *(name):* _____
  (5) ☑ The person in ②
  (6) ☑ The lawyer for the person in ② *(name):* Melody S. Rahimi, Esq. _____
      ☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____ .

### To the Person in ② :

**The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

## ⑥ ☒ Personal Conduct Orders

a. You must **not** do the following things to the elder or dependent adult named in ①
  ☒ and to the other protected persons listed in ③:
  (1) ☒ Physically abuse, financially abuse, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, harass, destroy personal property of, or disturb the peace of the person.
  (2) ☐ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means.
  (3) ☐ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.
  (4) ☐ Other *(specify):* _____
      ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(4).

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

## ⑦ ☒ Stay-Away Orders

a. You **must** stay at least _____1,000_____ yards away from *(check all that apply):*
  (1) ☒ The elder or dependent adult in ①.          (5) ☒ The vehicle of the elder or dependent adult.
  (2) ☒ Each person in ③.                            (6) ☐ Other *(specify):*
  (3) ☒ The home of the elder or dependent            _____
      adult.                                          _____
  (4) ☐ The job or workplace of the elder             _____
      or dependent adult.                             _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

### This is a Court Order.

**Elder or Dependent Adult Abuse Restraining
Order After Hearing (CLETS-EAR or EAF)**
*(Elder or Dependent Adult Abuse Prevention)*


Case Number:

**(8)  ☐ Move-Out Order**

You must immediately move out from and not return to *(address)*:

_____

_____

and must take only the personal clothing and belongings you need.

**(9)  ☐ Order for Counseling or Anger Management**

a.  The person in item **(2)** is ordered to attend:

☐ clinical counseling for _____ *(specify number)* sessions;  or

☐ an anger management course

provided by a professional (a counselor, psychologist, psychiatrist, therapist, clinical social worker, or mental or behavioral health professional licensed in the State of California to provide counseling or anger management courses).

b.  The person in item **(2)** must schedule clinical counseling or enroll in an anger management course by *(date):* _____ , or if no date is listed, within 30 days after this order is made. The person in item **(2)** is ordered to file written proof of scheduling or enrollment with the court.

c.  ☐ Written proof of completion of the ordered number of clinical counseling sessions or written proof of completion of the court-ordered anger management course must be filed with the court by *(date):* _____ , or the person in item **(2)** must appear for a court date on

*(date):* _____ at *(time):* _____ in Dept.: _____ Room: _____

**(10)  ☒ No Firearms (Guns), Firearm Parts, or Ammunition**

**This Order must be granted unless the abuse is financial only.**

a.  You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get any prohibited items listed below in b.

b.  **Prohibited items are:**

(1)  Firearms (guns);

(2)  Firearm parts, meaning receivers, frames, or any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531); and

(3)  Ammunition.

c.  If you have not already done so, you must:

•  Sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any firearms (guns) and firearm parts in your immediate possession or control. This must be done within 24 hours of being served with this Order.
•  File a receipt with the court within 48 hours of receiving this Order that proves that your firearms (guns) and firearm parts have been turned in, sold, or stored. (You may use form EA-800, *Receipt for Firearms and Firearm Parts,* for the receipt.)

d.  ☐ The court has received information that you own or possess a firearm (gun), firearm parts, or ammunition.

**This is a Court Order.**

Rev. January 1, 2023

**Elder or Dependent Adult Abuse Restraining Order After Hearing (CLETS-EAR or EAF)**
(Elder or Dependent Adult Abuse Prevention)

EA-130, Page 3 of 7



Case Number: [                    ]

**(10)** e. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the person in **(2)** is not required to relinquish this firearm *(specify make, model, and serial number of firearm):* _____

The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in **(2)** may be subject to federal prosecution for possessing or controlling a firearm.

**(11)** ## Financial Abuse

This case ☒ **does not** ☐ does  involve **solely financial abuse** unaccompanied by force, threat, harassment, intimidation, or any other form of abuse.

**(12)** ☐ ## Possession and Protection of Animals

a. ☐ The person in **(1)** is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household.

*(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

_____

b. ☐ The person in **(2)** must stay at least _____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**(13)** ☐ ## Specific Debts

The court finds (decides) that the following debts were incurred as a result of financial abuse of the person in **(1)** by the person in **(2)**.

| Money Owed To: | For: | Amount: |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

☐ Additional debts are attached at the end of this Order on Attachment 13.

**(14)** ☒ ## Lawyer's Fees and Costs

You must pay to the person in **(1)** the following amounts for  ☒ lawyer's fees  ☐ costs:

| Item | Amount | Item | Amount |
|---|---|---|---|
| Attorney Fees | $ 5,200.00 | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ Additional amounts are attached at the end of this Order on Attachment 14.

**This is a Court Order.**

**Elder or Dependent Adult Abuse Restraining
Order After Hearing (CLETS-EAR or EAF)**
(Elder or Dependent Adult Abuse Prevention)



Case Number: 

**(15)** ☐ **Other Orders** *(specify):*

_____

_____

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 15.

**To the Person in ❶ :**

**(16)** **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof of service form into CARPOS.

b. ☒ The clerk will transmit this Order and its proof of service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, you or your lawyer should deliver a copy of the Order and its proof of service form to the law enforcement agency listed below to enter into CARPOS:

| Name of Law Enforcement Agency | Address *(City, State, Zip)* |
|---|---|
| | |

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 16.

**(17)** **Service of Order on Restrained Person**

a. ☒ The person in ② personally attended the hearing. No other proof of service is needed.

b. ☐ The person in ① was at the hearing. The person in ② was not.

  (1) ☐ Proof of service of form EA-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are the same as in form EA-110 except for the end date. The person in ② must be served with this Order. Service may be by mail.

  (2) ☐ Proof of service of form EA-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are different from the orders in form EA-110. Someone—but not anyone in ① or ③—must personally serve a copy of this Order on the person in ②.

**(18)** **No Fee to Serve (Notify) Restrained Person**

If the sheriff or marshal serves this Order, they will do so for free.

**(19)** Number of pages attached to this Order, if any: ___0___

Date: April 13, 2023

_____
*Judicial Officer*
**STEVE COCHRAN**

**This is a Court Order.**

 

**Case Number:**

## Warning and Notice to the Restrained Person in ❷:

### You Cannot Have Firearms (Guns), Firearm Parts, or Ammunition

If the court grants the orders in item ⑩ on page 3 (unless item 10e on page 4 is checked), you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get any prohibited items listed in item 10b on page 3 while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any firearms (guns) and firearm parts that you have or control as stated in item ⑩. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Order

This order *starts* on the date next to the judge's signature on page 5. The order *ends* on the expiration date in item ④ on page 1.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; or
- The restrained person was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified, the agency must advise the restrained person of the terms of the order and  then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

 

| Case Number: | |
|---|---|

## Instructions for Law Enforcement

### Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced in the following priority** (see Pen. Code, § 136.2 and Fam. Code, §§ 6383(h)(2), 6405(b)):

1. *Emergency Protective Order (EPO):* If one of the orders is an *Emergency Protective Order* (form EPO-001), provisions (e.g., stay-away order) that are more restrictive than in the other restraining/protective orders must be enforced. Provisions of another order that do not conflict with the EPO must be enforced.

2. *No-Contact Order:* If a restraining/protective order includes a no-contact order, the no-contact order must be enforced. Item 6a(2) is an example of a no-contact order.

3. *Criminal Protective Order (CPO):* If none of the orders include an EPO or a no-contact order, the most recent CPO must be enforced. (Fam. Code, §§ 6383(h)(2) and 6405(b).) Additionally, a CPO issued in a criminal case involving charges of domestic violence, Penal Code sections 261, 261.5, or former 262, or charges requiring sex offender registration must be enforced over any civil court order. (Pen. Code, § 136.2(e)(2).) All provisions in the civil court order that do not conflict with the CPO must be enforced.

4. *Civil Restraining Orders:* If there is more than one civil restraining order (e.g., domestic violence, juvenile, elder abuse, civil harassment), then the order that was issued last must be enforced. Provisions that do not conflict with the most recent civil restraining order must be enforced.



*(Clerk will fill out this part.)*
### —Clerk's Certificate—

I certify that this *Elder or Dependent Adult Abuse Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: __APR 1 3 2023__ Clerk, by _____ , Deputy

## This is a Court Order.

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|